Kimberly E. Colwell, Esq. (SBN: 127604)
kcolwell@meyersnave.com
Kevin E. Gilbert, Esq. (SBN: 209236)
kgilbert@meyersnave.com
MEYERS, NAVE, RIBACK, SILVER & WILSON
555 12th Street, Suite 1500
Oakland, CA  94607
Telephone: (510) 808-2000
Facsimile: (510) 444-1108

Michele Beal Bagneris, City Attorney (SBN: 115423)
mbagneris@cityofpasadena.net
Hugh Halford, Assistant City Attorney (SBN: 113359)
hhalford@cityofpasadena.net
PO BOX 7115
Pasadena, CA  91109
Telephone: (626) 744-4141

**NOTE: CHANGES MADE BY THE COURT**

Attorneys for Defendants

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAYLEISHA BARNES; DETRICK BRIGHT GUARDIAN AD LITEM FOR ANARI BARNES; ESTATE OF LEROY BARNES, <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF PASADENA; UNIDENTIFIED POLICE OFFICERS NO. 1 AND NO. 2; DOES 1 through X, <br><br> Defendants. | Case No:  CV10-0470 JHN (PJWx) <br><br> **STIPULATION AND ~~PROPOSED~~ PROTECTIVE ORDER** |

**STIPULATION**

Plaintiffs MAYLEISHA BARNES, DETRICK BRIGHT guardian ad litem for ANARI BARNES, ESTATE OF LEROY BARNES and Defendants CITY OF PASADENA, and its Officers by and through their undersigned counsel of record, and subject to the approval of the Court, stipulate to the following Protective Order as set forth below:

1.      In connection with any discovery proceedings in this action, the parties may agree or the Court may direct that the identity of  any document, thing, material, testimony or other information derived there from, be designated as "Confidential" under the terms of this Stipulated Protective Order ("Order").  Confidential information is information which has not been made public and is privileged and confidential and protected from public disclosure under applicable Federal or California State law.

2.      Confidential documents shall be so designated by stamping copies of the document produced to a party with the legend "CONFIDENTIAL."  Stamping the legend "CONFIDENTIAL" on the cover of any multi-page document shall designate all pages of the document as confidential, unless otherwise indicated by the producing party.

3.      Material designated as Confidential under this Order, the information contained therein, and any summaries, copies, abstracts, or documents derived in whole or in part from material designated as Confidential shall be used only for the purpose of the prosecution, defense, or settlement of this action and for no other purpose.

4.      For purposes of this Agreement, the term "Confidential" shall be deemed to apply to all documents not publicly disclosed prior to the execution of the protective order in the possession or control of the City of Pasadena and/or Plaintiffs concerning or related to the shooting of Leroy Barnes, on or about February 19, 2009 and to the personnel and Police Department records of the officers responding thereto.

5.      Confidential material produced pursuant to this Order may be disclosed or made available only to the Court, to counsel for a party (including the paralegal, clerical, and secretarial staff employed by such counsel) and to the "qualified persons" designated below:

///

///

a.      Experts or consultants (together with their clerical staff) retained by such counsel to assist in the prosecution, defense or settlement of this action;

b.      Court reporters employed in this action;

c.      A witness at any deposition or proceedings in this action who is approved to review confidential material by all counsel in writing;

d.      Parties to the action; and

e.      Any other person as to whom the parties agree in writing.

Prior to receiving any confidential material, each "qualified person" shall be provided with a copy of this Order and shall execute a non-disclosure agreement in the form of Attachment A, a copy of which shall be maintained by the counsel who is providing the materials.

6.      The portion of any deposition in which confidential materials are discussed shall be taken only in the presence of qualified persons, as defined above.

7.      Nothing herein shall impose any restrictions on the use or disclosure by a party of material obtained by such party independent of discovery in this action, whether or not such material is also obtained through discovery in this action, or from disclosing its own confidential material as it deems appropriate.

8.      Receipt by any party of any confidential information does not constitute, nor is it to be construed to be, a waiver of any privilege or evidentiary objection, State or Federal.

9. ~~If confidential material, including any portion of a deposition transcript designated as confidential is included in any papers to be filed in Court, such papers shall be labeled "Confidential-Subject to Court Order" and filed under seal until further order of this Court. Each envelope containing confidential material shall be endorsed with the title and case number of this action, and indication of the nature of said sealed envelope, a legend "Confidential-Designated by Counsel," and a statement substantially in the following form: "This envelope contains documents which are filed in this case is not to be opened, nor the contents thereof to be displayed or revealed except by order of the Court." Except, however, that any papers served on counsel for the parties need not include separate sealed envelopes for confidential materials.~~

///

Stipulation and Proposed Protective Order [CV10-0470 JHN (PJWx)]

9.     Under Seal filings in court will be governed by Local Rule 79-5.

10.     This Order shall be without prejudice to the right of the parties:  1) to bring before the Court at any time the question of whether any particular document or information is confidential or whether its use shall be restricted; or 2) to present a motion to the Court under Federal Rule of Civil Procedure 26(c) for a separate protective order as to any particular document or information, including restrictions different from those as specified herein.  This Order shall not be deemed to prejudice the parties in any way in any future application for modification of this Order.

11.     Nothing in this Order nor the production of any information or document under the terms of this Order nor any proceedings pursuant to this Order, shall be deemed to have the affect of an admission or waiver of objections or privileges by either party or of altering the confidentiality or non-confidentiality of any such document or information or altering any existing right or obligation of any party or the absence thereof. In addition this protective order will not prejudice or diminish the rights of the parties to use information contained in confidential documents for purposes of bringing or opposing any motion, including a motion for summary judgment.

12.     This Order shall survive the final termination of this action, to the extent that the information contained in confidential material is not or does not become known to the public and the Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder.  Within ninety (90) days of the dismissal or entry of final judgment in this action, whichever occurs first, if an appeal is not filed, each party shall return to the producing party all confidential materials and any and all copies thereof.

13.     The parties further acknowledge that this Stipulated Protective Order creates no entitlement to file confidential information under seal or to file documents redacted of confidential information other than that defined in the Civil Local Rules and to the extent that those rules set forth the procedures that must be followed and reflect the standards that will be applied when a party seeks permission from the court to file material under seal or to file redacted documents with the Court.  Without written permission from the Designating Party or a Court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any

Stipulation and Proposed Protective Order [CV10-0470 JHN (PJWx)]

Protected Material.  A Party that seeks to file under seal any "Protected Material" must comply with Civil Local Rules, or, in the alternative, seek to redact the confidential portions of the document to filed.

**IT IS SO STIPULATED.**

Dated:  April 13, 2010                MEYERS, NAVE, RIBACK, SILVER & WILSON


By:_____/s/   Kimberly E. Colwell_____
                 Kimberly E. Colwell
                 Attorney for Defendants


Dated:  April 13, 2010                LAW OFFICES OF EDI M.O. FAAL


By:_____/s/   Edi M.O. Faal_____
                 Edi M.O. Faal, Esq.
                 Attorney for Plaintiffs

Stipulation and Proposed Protective Order [CV10-0470 JHN (PJWx)]

## __ORDER__

GOOD CAUSE appearing, the Court adopts the Stipulation of the parties, as an Order of the Court and hereby issues the foregoing Protective Order.

IT IS SO ORDERED.

Dated: <u>April 19, 2010</u>

_Patrick J. Walsh_

_____

Magistrate Judge Patrick J. Walsh

Stipulation and Proposed Protective Order [CV10-0470 JHN (PJWx)]

**ATTACHMENT A**

**<u>NON-DISCLOSURE AGREEMENT</u>**

I, _____, do solemnly swear that I am fully familiar with the terms of the Stipulated Protective Order entered in *MAYLEISHA BARNES; DETRICK BRIGHT GUARDIAN AD LITEM FOR ANARI BARNES; ESTATE OF LEROY BARNES*, Plaintiffs, v. *CITY OF PASADENA; UNIDENTIFIED POLICE OFFICERS NO. 1 AND NO. 2; DOES 1 through X,* Defendants, United States District Court for the Central District of California, Action No. CV10-0470 JHN (PJWx), and hereby agree to comply with and be bound by the terms and conditions of said Order, unless and until modified by further Order of this Court.  I hereby consent to the jurisdiction of said Court for purposes of enforcing this Order.

Dated: _____                    _____